Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BENTON HENRY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRBNB, INC., a Delaware corporation, individually, and doing business as "AIRBNB.COM"; and Does 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, William Benton Henry ("HENRY"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, HENRY, is an individual residing in South Carolina.

5. Plaintiff is informed and believes and thereon alleges that Defendant AIRBNB, INC. is a Delaware corporation doing business as "AIRBNB.COM" (collectively "AIRBNB") that is registered to do business in the state of California with an office located at 888 Brannan Street, San Francisco, CA 94103 and does business in and with the state of California and this District. AIRBNB is the owner, operator, and/or controller of the website www.airbnb.com and its related and affiliated subdomains (collectively, "AIRBNB's Platform")

6. On information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with Airbnb, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, who therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. On information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

8. AIRBNB's Platform is an online marketplace for lodging, primarily homestays for vacation rentals, and tourism activities. After registering on the Platform, users can post and offer their homes and properties for temporary rental and/or search for properties to rent short term. Unregistered users can view publicly available listings of properties.

9. AIRBNB primarily earns revenue by taking a percentage of transactions that occur on its Platform. AIRBNB therefore promote and encourage as much engagement on the Platform as possible, including allowing users to promote their property listings with user generated and posted content. AIRBNB then places the content uploaded by users in the places on the AIRBNB Platform that AIRBNB determines are optimal to maximize chances of generating a transaction between a user offering a property rental and a user searching for such a rental. AIRBNB assesses many aspects of a post to optimize searches for consumers as well, including, the listings photos.

10. This lawsuit concerns, in part, AIRBNB's direct and pervasive participation in infringing the copyrights in Plaintiff's Subject Photographs (defined below) by exercising control over unauthorized copies of the Subject Photographs (collectively, the "Infringing Uses") on AIRBNB's Platform; selecting the Infringing

Uses for upload, download, transmission, and/or storage to/from AIRBNB's Platform and servers; and/or instigating the copying, display, publication, reproduction, and/or distribution of the Infringing Uses on AIRBNB's Platform.

11. Specifically, upon information and belief, Plaintiff alleges that AIRBNB stores, caches, and distributes multiple copies of photographs on its servers and Platform, irrespective of any user command to do so.

12. Plaintiff, HENRY, is an acclaimed photographer who created and owns the original photographs depicted in **Exhibit A** attached hereto ("Subject Photographs.")

13. Plaintiff has registered the Subject Photographs and was granted U.S. copyright registrations as set forth in **Exhibit A** attached hereto.

14. Prior to the acts complained of herein, Plaintiff published and widely publicly displayed and disseminated the Subject Photographs including without limitation on Plaintiff's website *www.bentonhenry.com* or his client's website *https://www.myrtle-beach-resort.com/*.

15. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photographs, AIRBNB, DOE Defendants, and each of them used the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on the website airbnb.com.

16. Following Plaintiff's dissemination and display of the Subject Photographs, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photographs without license, authorization, or consent, including by using the Subject Photographs on their website ("Infringing Uses") which were created, published, and distributed by Airbnb. The Infringing Use was made widely and publicly available at *airbnb.com,* which is owned and operated by Airbnb. True and correct screen captures of the Infringing Uses are included in **Exhibit A** attached hereto.

17. On April 6, 2022, Plaintiff through his counsel sent a DMCA takedown request for each of the Subject Photographs to AIRBNB, but to date, AIRBNB has not taken appropriate action to timely remove the Infringing Uses.

18. Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photographs.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against all Defendants, and Each)

19. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

20. On information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Photographs, including, without limitation, through (a) viewing the Subject Photographs on Plaintiff's website, (b) viewing Subject Photographs online, and (c) viewing Subject Photographs through a third party. Access is further evidenced by the Subject Photographs' exact reproduction in the Infringing Use.

21. On information and belief, Plaintiff alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photographs, including without limitation as seen in **Exhibit A** attached hereto.

22. On information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of

Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs in an amount to be established at trial.

25. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

26. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

28. On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs, in an amount to be established at trial.

31. On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)**

32. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Plaintiff regularly published the Subject Photographs with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. Plaintiff's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to Plaintiff's website and online profiles.

/ / /

/ / /

34. On information and belief, Plaintiff alleges that Defendants, and each of them, intentionally removed and altered Plaintiff's violated 17 U.S.C. §1202(b) before copying, reproducing, distributing, and displaying the Subject Photographs.

35. On information and belief, Plaintiff alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of Plaintiff or the law.

36. On information and belief, Plaintiff alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of Plaintiff or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

37. On information and belief, Plaintiff alleges that Defendants, and each of them, in violation of 17 § USC 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos, names, bylines, and attribution to the Subject Photographs.

38. On information and belief, Plaintiff alleges that Defendants, and each of them knew, that they were providing false copyright management information to its copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

39. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

///

8
COMPLAINT

40. On information and belief, Plaintiff alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

    a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

    b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

    c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

    d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

    e. That Plaintiff be awarded his costs and fees under the above statutes;

    f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

    g. That Plaintiff be awarded pre-judgment interest as allowed by law;

      h.  That Plaintiff be awarded the costs of this action; and

      i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 20, 2023                    DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
*Attorneys for Plaintiff*