UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BENTON HENRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AIRBNB, INC., a Delaware corporation, individually, and doing business as "AIRBNB.COM," et al.,<br><br>Defendant. | Case No. 2:23-cv-03008-GW(ASx)<br><br>**PROTECTIVE ORDER** |

1.  A. <u>PURPOSES AND LIMITATIONS</u>

Airbnb, Inc. ("Airbnb") was voluntarily dismissed from this action without prejudice on July 13, 2023. Plaintiff Willian Benton Henry subsequently filed a Notice of Dismissal with Prejudice as to Airbnb on September 7, 2023. In the intervening period, Plaintiff served Airbnb, which had become a non-party, with a Rule 45 Subpoena to Testify at a Deposition with Requests for Production attached thereto ("Subpoena"). Without waiver of its objections to this Subpoena, which Airbnb contends is substantively and procedurally defective, Airbnb's anticipated production in response to certain of the Requests for Production is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff and Airbnb hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. Plaintiff and Airbnb acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the

protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

Airbnb's production in this action is likely to involve confidential and proprietary materials and information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information Airbnb is entitled to keep confidential, to ensure that Plaintiff is permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of Plaintiff and Airbnb that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: this pending federal lawsuit.

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"AIRBNB CONFIDENTIAL" Information or Items</u>: Airbnb-produced information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>: Outside Counsel of Record and House Counsel and/or Counsel for Airbnb (as well as their support staff).

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.7   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including their support staff.

2.9   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, including their support staff.

2.10  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "AIRBNB CONFIDENTIAL."

2.11  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from Airbnb.

Case 2:23-cv-03008-GW-AS  Document 58  Filed 11/21/23  Page 4 of 13  Page ID #:478

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Airbnb agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **DESIGNATING PROTECTED MATERIAL**

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Airbnb will designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose Airbnb to sanctions.

If it comes to Airbnb's attention that information or items that it designated for protection do not qualify for protection, Airbnb must promptly notify the parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that Airbnb affix at a minimum, the legend "CONFIDENTIAL" or "AIRBNB CONFIDENTIAL" (hereinafter "AIRBNB CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, Airbnb also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

In the event Airbnb makes original documents available for inspection, it need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "AIRBNB CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, Airbnb must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing

the specified documents, Airbnb must affix the "AIRBNB CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, Airbnb also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    (b)    for testimony given in depositions that Airbnb identify the Disclosure or Discovery Material within 30 days of the deposition all protected testimony.

    (c)    for information produced in some form other than documentary and for any other tangible items, that Airbnb affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "AIRBNB CONFIDENTIAL." If only a portion or portions of the information warrants protection, Airbnb, to the extent practicable, shall identify the protected portion(s).

    5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Airbnb's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. However, any distribution or disclosure that occurred before such a designation will not constitute a violation of this Order punishable pursuant to Section 13 of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2    Meet and Confer. The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-alka-sagar.

6.3 The burden of persuasion in any such challenge proceeding shall be on Airbnb. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless Airbnb has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under Airbnb's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "AIRBNB CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by Airbnb, a Receiving Party may disclose any information or item designated "AIRBNB CONFIDENTIAL" only for the purpose of service of process on the Doe defendants in this action, except that the Receiving Party may also disclose the names and addresses of the Doe defendants for the purpose of amending its pleadings in this action, and only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the purpose of

service of process on the Doe defendants in this action;

(b) process servers;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "AIRBNB CONFIDENTIAL," that Party must:

(a) promptly notify Airbnb in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such

        notification shall include a copy of this Stipulated Protective Order; and

    (c)    cooperate with respect to all reasonable procedures sought to be pursued by Airbnb.

If Airbnb timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "AIRBNB CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained Airbnb's permission. Airbnb shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify Airbnb in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When Airbnb gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11. MISCELLANEOUS

    11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, Airbnb does not waive any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, Airbnb does not waive any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    11.3 Other Use of Protected Material. Except as necessary for service of process on the Doe defendants in this action, or in the limited case of amending its pleadings, Plaintiff agrees that it will not use or disclose material produced by Airbnb pursuant to this Protective Order, in this action or for any other action or purpose whatsoever. Should Plaintiff need to file material covered by this Protective Order with the court in order to effect service of process on the Doe defendants, Plaintiff will seek to file that Protected Material Under Seal pursuant to Section 11.4.

    11.4 Filing Protective Material - A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12. FINAL DISPOSITION

    Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to Airbnb or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Airbnb by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///
///
///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 21, 2023          MORGAN, LEWIS & BOCKIUS LLP

By:   */s/ Lindsey M. Shinn*
      Lindsey M. Shinn
      Attorneys for Airbnb, Inc.

Dated: November 21, 2023          DONIGER / BURROUGHS

By:   */s/ Frank R. Trechsel*
      Frank R. Trechsel
      Attorneys for Plaintiff
      William Benton Henry

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  November 21, 2023

   / s / Sagar
Honorable Alka Sagar
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of WILLIAM BENTON HENRY v. AIRBNB, INC., et al. 2:23-cv-03008-GW(ASx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____