Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

WILLIAM BENTON HENRY, an individual,

Plaintiff,

v.

ENDLESS SUMMER BEACH RENTALS, LLC, a South Carolina Limited Liability Company; A WAVE FROM IT ALL, LLC, a South Carolina Limited Liability Company; FAITH & FLIP FLOPS, LLC, an Indiana limited liability company; ANNELIESE CASERTA, an individual; AARON CASERTA, an individual; CHRIS AIELLO, an individual; DANIEL CAPECE, an individual; DOMENICK VANUCCHI, an individual; EMILY HENRY-HARRIS, an individual; GED DUVALL, an individual; DANIELLE DUVALL, an individual; JENNIFER PERRY, an individual; JESSICA DAWSON, an individual; LARRY DAWSON, an individual; JOHN VALENTE, an individual; DIANE KLINGENSMITH, an individual;

Case No.: 2:23-cv-03008-GW-AS
*Honorable George H. Wu Presiding*

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

3. VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)

Jury Trial Demanded

RICHARD KWIATKOWSKI, an individual; KEVIN JONES, an individual; JOHN ROTCHFORD, an individual; LORI LUONGO, an individual; ROBERT ZEILHOFER, an individual; SHARON TATUM, an individual; ROBIN KEEFOVER, an individual; STEPHANIE LOCKETT, an individual; TRACY WHALEY, an individual; WALTER WOFFORD, an individual; AMBER RHINEHART, an individual; ROBERT MICCO, an individual; MICHELLE MICCO, an individual; DAVE MCCRACKEN, an individual; KAREN SOPER, an individual; DEANNA BOWDEN, an individual; DIANE GOLLIN, an individual; DMITRY FASOLYAK, an individual; DORIS MARTIN, an individual; FAUD KORMAN, an individual; GREG AGEE, an individual; KAREN ROTCHFORD, an individual; KIMBERLY RASSI, an individual; KRISTIN MOFFETT, an individual; LISA NATALE, an individual; TIMOTHY SCOTT HARRIS, an individual; MICHAEL WANNEMACHER, an individual; NORMA BENZ, an individual; RAY HAHN, an individual; PAM HAHN, an individual; REBECCA BROOKS, an individual; TYLER ANDERSON, an individual; WENDY BURDETT, an individual; WILLIAM MARK WHITESELL, an individual; JOHN QUILTER, an individual; SABRINA ANTOSH, an individual; DIANE MCNULTY, an individual; CARL PULLIAM, an individual; LANA S HUELSENBECK, an individual; KILEY ANN WEBBER, an individual; SANDY WELCH, an individual; LORI BLASHUK, an individual; KAREN

MAYS, an individual; JACQUELINE JONES, an individual; LAVONNE VELLA, an individual; KIRSTEN DIBENEDETTO, an individual; JOHN DEGAETANI, an individual; JOSHUA BISHOP, an individual; MARK CURTISS, an individual; DIANE CURTISS, an individual; THOMAS MISSERT, an individual; DEBORAH HARRIS, an individual; DAVID HARRIS, an individual; RONALD GADBOIS, an individual; BRENT WHITESELL, an individual; KIM BOWMAN, an individual; LINDA DIMAIO, an individual; JAMES HESNAN, an individual; and Does 1-10, inclusive,

Defendants.

SECOND AMENDED COMPLAINT

Plaintiff, William Benton Henry ("HENRY" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, HENRY, is an individual residing in South Carolina.

5. A platform used by the following parties is *www.airbnb.com*. Airbnb, Inc. ("Airbnb") is the owner, operator, and/or controller of the website *www.airbnb.com* and its related and affiliated subdomains (collectively, "Airbnb's Platform.")

6. Another platform used by the following parties is *www.vrbo.com*, which operates in the same way as the Airbnb Platform. The website *www.vrbo.com* and its related and affiliated subdomains (collectively, "VRBO Platform"). Vrbo.com is not a party to this litigation.

7. The "Airbnb Platform" and "VRBO Platform" are collectively referred to as the "Service Provider Defendants."

8. Plaintiff is informed and believes and thereon alleges that Defendant Endless Summer Beach Rentals, LLC, is a South Carolina Limited Liability Company that is registered to do business in the state of South Carolina with a registered address at 1004 29th Ave N, Suite A, Myrtle Beach, South Carolina 29577 whose business extends and touches the State of California through its

online business and website *endlesssummerbeachrentals.com.* They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listings on their website and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

9.     Plaintiff is informed and believes and thereon alleges that Defendant A Wave From It All, LLC, is a South Carolina Limited Liability Company that is registered to do business in the state of South Carolina with a registered address at 604 Galera Lane, Mount Pleasant, South Carolina 29577 whose business extends and touches the State of California through its online business and website *awavefromitall.com.* The business is owned and principally operated by Diane, an Airbnb and VRBO host identified below. They had access to our client's photography through his client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed his copyrighted works in their listings on their website and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

10.    Plaintiff is informed and believes and thereon alleges that Defendant Faith & Flip Flops, LLC is an Indiana limited liability company with a registered address at 4319 Great Hollow Court, Fort Wayne, Indiana 46818, whose business extends and touches the State of California through its online business. Upon information and belief, this business is principally owned and operated by Joseph J. Zimecki and Rachele Zimecki, and the business is designated as a VRBO Premier Host. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listings on or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including California residents.)

11.    Defendants Endless Summer Beach Rentals, LLC and A Wave From it All, LLC (collectively, "Website Defendants") each use both the Service Provider Platforms and operate their own independent websites *endlesssummerbeachrentals.com and awavefromitall.com* (collectively referred to as the "Independent Defendant Websites.")

12.    Plaintiff is informed and believes and thereon alleges that Anneliese & Aaron Caserta are individuals residing in Huntington, West Virginia. They own property which they list on Airbnb's Platform under listing ID 615838387037433503 and are labeled as "Superhosts" on Airbnb. They operate listings within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through

SECOND AMENDED COMPLAINT

Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

13.    Plaintiff is informed and believes and thereon alleges that Chris Aiello is an individual residing in Irwin, Pennsylvania. Chris Aiello owns property which he lists on Airbnb's Platform under listing ID 49596529 and is labeled as a "Superhost" on Airbnb. Mr. Aiello operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

14.    Plaintiff is informed and believes and thereon alleges that Daniel Capece is an individual residing in Highland Falls, New York. Mr. Capece owns property that is listed on Airbnb's Platform under listing ID 570296377739174114

and Mr. Capece is labeled as a "Superhost" on Airbnb. He operates his listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

15.    Plaintiff is informed and believes and thereon alleges that Domenick Vanucchi is an individual residing in Washington D.C. Mr. Vanucchi owns property which he lists on Airbnb's Platform under listing ID 14788303 and is labeled as a "Superhost" on Airbnb. Mr. Vanucchi operates his listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject

SECOND AMENDED COMPLAINT

Photography in the United States and California (including from California residents).

16.    Plaintiff is informed and believes and thereon alleges that Emily Harris-Henry is an individual residing in Lehigh Acres, Florida. Ms. Harris-Henry owns a property that she lists on Airbnb's Platform under listing ID 45670527 and is labeled a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Ms. Harris-Henry then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

17.    Plaintiff is informed and believes and thereon alleges that Gerald & Danielle Duvall are individuals residing in Myrtle Beach, South Carolina. They own property which they list on Airbnb's Platform under listing ID 810232783104063506 and are labeled as "Superhosts" on Airbnb. They operate listings within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this

judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

18.    Plaintiff is informed and believes and thereon alleges that Jennifer Perry is an individual residing in Huntington, West Virginia. Ms. Perry owns a property that she lists on Airbnb's Platform under listing ID 658056392332643257 and is labeled a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

19.    Plaintiff is informed and believes and thereon alleges that Jessica & Larry Dawson are individuals residing in Charlotte, North Carolina. They own property which they list on Airbnb's Platform under listing ID 620885139711575254 and are labeled as "Superhosts" on Airbnb. They operate the listing within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied

and displayed Plaintiff's copyrighted works in their listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

20. Plaintiff is informed and believes and thereon alleges that John Valente is an individual residing in Paramus, New Jersey. Mr. Valente owns properties which he lists on both Airbnb and VRBO's Platforms under Airbnb host ID 244396988 and VRBO property numbers 2690249 and 2334307. Mr. Valente is also labeled as a "Superhost" on Airbnb. He operates the listings within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

21. Plaintiff is informed and believes and thereon alleges that Diane Klingensmith is an individual residing in Aliquippa, Pennsylvania. Ms. Klingensmith owns property which she lists on Airbnb's Platform under listing ID

41640196 and is labeled a "Superhost" on Airbnb. Ms. Klingensmith operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

22.    Plaintiff is informed and believes and thereon alleges that Richard Kwiatkowski is an individual residing in Philadelphia, Pennsylvania. Mr. Kwiatkowski owns property which he lists on Airbnb's Platform under listing ID 50002857. Mr. Kwiatkowski operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

SECOND AMENDED COMPLAINT

23.     Plaintiff is informed and believes and thereon alleges that Kevin Jones is an individual residing in Columbia, South Carolina. Mr. Jones owns property which he lists on Airbnb's Platform under listing ID 625349919746675791. Mr. Jones operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

24.     Plaintiff is informed and believes and thereon alleges that John Rotchford is an individual residing in Hartsville, South Carolina. Mr. Rotchford owns property which he lists on Airbnb's Platform under listing ID 52031132 and is labeled a "Superhost" on Airbnb. Mr. Rotchford operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to our Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service

Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

25.    Plaintiff is informed and believes and thereon alleges that Lori Luongo is an individual residing in Myrtle Beach, South Carolina. Ms. Luongo owns properties which she lists on Airbnb and VRBO's Platforms under Airbnb host ID 6803442 and VRBO property numbers 2338101, 2106651, 2106650, 2106649, 1053724, 1563826, and 1563787. Ms. Luongo is labeled a "Superhost" on Airbnb and a "Premier Host" on VRBO's website, *vrbo.com*. She operates the listings within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents). Additionally, Lori posts this same infringing content on *takemetomyrtlebeach.com*.

26.    Plaintiff is informed and believes and thereon alleges that Robert Zeilhofer is an individual residing in Nashotah, Wisconsin. Mr. Zeilhofer owns properties which he lists on Airbnb and VRBO's Platforms under Airbnb host ID 295716417 and VRBO property numbers 2026094, 1792278, 2270930, 1989127, 1794566, 2270920, and 2407265. Mr. Zeilhofer is labeled as a "Superhost" on Airbnb and a "Premier Host" on VRBO's website, *vrbo.com*. He operates the

listings within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

27. Plaintiff is informed and believes and thereon alleges that Sharon Tatum is an individual residing in Bassett, Virginia. Ms. Tatum owns property which she lists on Airbnb's Platform under listing ID 648402187582189983 and is labeled as a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

///

28.    Plaintiff is informed and believes and thereon alleges that Robin Keefover is an individual residing in Surfside Beach, South Carolina. Ms. Keefer owns property which she lists on Airbnb's Platform under listing ID 49348593 and is labeled as a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

29.    Plaintiff is informed and believes and thereon alleges that Stephanie Lockett is an individual residing in Hernando, Mississippi. Ms. Lockett owns property which she lists on Airbnb's Platform under listing ID 605736747762394722 and is labeled as a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and

Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

30.    Plaintiff is informed and believes and thereon alleges that Tracy Whaley is an individual residing in Malvern, Ohio. Ms. Whaley owns a property which she lists on Airbnb and VRBO's Platforms under Airbnb listing ID 564597282503229490 and VRBO property number 1930551. Ms. Whaley is also labeled as a "Superhost" on Airbnb. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

31.    Plaintiff is informed and believes and thereon alleges that Walter Wofford is an individual residing in Myrtle Beach, South Carolina. Mr. Wofford owns a property which he lists on Airbnb and VRBO's Platforms under Airbnb listing ID 21399736 and VRBO property number 4742011. Mr. Wofford is an individual labeled as a "Superhost" on Airbnb. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers'

Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

32.   Plaintiff is informed and believes and thereon alleges that Amber Rhinehart is an individual residing in Marshall, North Carolina. Ms. Rhinehart owns property which she lists on Airbnb's Platform under listing ID 697227897100319254. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to our Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

33.   Plaintiff is informed and believes and thereon alleges that Robert and Michelle Micco are individuals residing in Aliquippa, Pennsylvania. They own a property which they list on Airbnb's Platform under listing ID 21377518. They operate the listing within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography

through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

34.    Plaintiff is informed and believes and thereon alleges that Dave McCracken is an individual residing in Woodburn, Indiana. Mr. McCracken owns a property which he lists on Airbnb's Platform under listing ID 603412266544361136. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

35.    Plaintiff is informed and believes and thereon alleges that Karen Soper is an individual residing in Myrtle Beach, South Carolina. Ms. Soper owns a property which she lists on Airbnb's Platform under listing ID

743352120174916479. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

36.    Plaintiff is informed and believes and thereon alleges that Deanna Bowden is an individual residing in Kernersville, North Carolina. Ms. Bowden owns properties which she lists on Airbnb's Platform under listing IDs 602361942068408225 and 605097361584933209. She operates the listings within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

SECOND AMENDED COMPLAINT

37.    Plaintiff is informed and believes and thereon alleges that Diane Gollin is an individual residing in Brunswick, Ohio. Ms. Gollin owns a property which she lists on Airbnb's Platform under listing ID 46188765. Ms. Gollin operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents). Additionally, Diane is the owner and operator of *awavefromitall.com* identified above and infringing on HENRY's copyrighted material.

38.    Plaintiff is informed and believes and thereon alleges that Dmitry Fasolyak is an individual residing in Potomac, Maryland. Mr. Fasolyak owns property listed on Airbnb's Platform under listing ID 36063258. Mr. Fasolyak operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and

Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

39.    Plaintiff is informed and believes and thereon alleges that Doris Martin is an individual residing in Mechanicsville, Virginia. Ms. Martin owns a property which she lists on Airbnb's Platform under listing ID 48253670. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

40.    Plaintiff is informed and believes and thereon alleges that Faud Korman is an individual residing in Utica, New York. Mr. Korman owns properties which he lists on Airbnb's Platform under listing IDs 48678424 and 48701556. Mr. Korman operates the listings within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or

controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

41.    Plaintiff is informed and believes and thereon alleges that Greg Agee is an individual residing in Huntington, West Virginia. Mr. Agee owns properties which he lists on Airbnb and VRBO's Platforms under Airbnb listing ID 47093530 and VRBO property numbers 1333333, 2256869, 2178696, 303974, and 1320272. Mr. Agee operates the listings within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

42.    Plaintiff is informed and believes and thereon alleges that Karen Rotchford is an individual residing in Hartsville, South Carolina. Ms. Rotchford owns property which she lists on Airbnb's Platform under listing ID 52031132. Ms. Rotchford operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her

listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

43.    Plaintiff is informed and believes and thereon alleges that Kimberly Rassi is an individual residing in Independence, Ohio. Ms. Rassi owns property which she lists on Airbnb's Platform under listing ID 47866331. Ms. Rassi operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

44.    Plaintiff is informed and believes and thereon alleges that Kristin Moffett is an individual residing in Belle Vernon, Pennsylvania. Ms. Moffett owns property which she lists on Airbnb's Platform under listing ID 600721862153259540. Ms. Moffett operates the listing within the State of South Carolina and her business extends and touches the State of California. She had

access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

45.    Plaintiff is informed and believes and thereon alleges that Lisa Natale is an individual residing in Paramus, New Jersey. Ms. Natale owns property which she lists on Airbnb's Platform under listing ID 32436319. Ms. Natale operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

46.    Plaintiff is informed and believes and thereon alleges that Timothy Scott Hartis is an individual residing in Myrtle Beach, South Carolina. Mr. Hartis owns property which he lists on Airbnb's Platform under listing ID 35388084. Mr.

Hartis operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

47.    Plaintiff is informed and believes and thereon alleges that Michael Wannemacher is an individual residing in Myrtle Beach, South Carolina. Mr. Wannemacher owns property which he lists on Airbnb's Platform under listing ID 31801144. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

///

48.    Plaintiff is informed and believes and thereon alleges that Norma Benz is an individual residing in Myrtle Beach, South Carolina. Ms. Benz owns properties which she lists on Airbnb's Platform under listing IDs 18950452 and 24410981. Ms. Benz operates the listings within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listings at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

49.    Plaintiff is informed and believes and thereon alleges that Ray and Pam Hahn are individuals residing in Bedford, Virginia. They own property which they list on Airbnb's Platform under listing ID 47425587. They operate the listing within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the

Subject Photography in the United States and California (including from California residents).

50.    Plaintiff is informed and believes and thereon alleges that Rebecca Brooks is an individual residing in Roscoe, Illinois. Ms. Brooks owns property which she lists on Airbnb's Platform under listing ID 48698846. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Ms. Brooks then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

51.    Plaintiff is informed and believes and thereon alleges that Tyler Anderson is an individual residing in Huntington, West Virginia. Mr. Anderson owns property which he lists on Airbnb's Platform under listing ID 798592246878377525. Mr. Anderson operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service

Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

52.    Plaintiff is informed and believes and thereon alleges that Wendy Burdett is an individual residing in Webster, Massachusetts. Ms. Burdett owns property which she lists on Airbnb's Platform under listing ID 657909194014314160. She operates the listing within the State of South Carolina and her business extends and touches the State of California. Ms. Burdett had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

53.    Plaintiff is informed and believes and thereon alleges that William Mark Whitesell is an individual residing in Roswell, Georgia. Mr. Whitesell owns property which he lists on Airbnb's Platform under listing ID 26717818. He operates the listing within the State of South Carolina and his business extends and touches the State of California. Mr. Whitesell had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this

judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

54.    Plaintiff is informed and believes and thereon alleges that John Quilter is an individual residing in Plainville, Connecticut. Mr. Quilter lists a certain property on VRBO's Platform, identified as property ID 2721637, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

55.    Plaintiff is informed and believes and thereon alleges that Sabrina Antosh is an individual residing in Myrtle Beach, South Carolina. Ms. Antosh operates a rental listing on VRBO's Platform, identified as property ID 2572392, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's

client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

56.    Plaintiff is informed and believes and thereon alleges that Diane McNulty is an individual residing in Salem, Massachusetts. Ms. McNulty lists properties on VRBO's Platform, identified as property IDs 2090316 and 2090316, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. Ms. McNulty operates the listings within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listings on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents). Additionally, Diane is the owner and operator of *awavefromitallmb.com* identified above and infringing on HENRY's copyrighted material.

SECOND AMENDED COMPLAINT

57.    Plaintiff is informed and believes and thereon alleges that Carl Pulliam is an individual residing in Greensboro, North Carolina. Mr. Pulliam lists his property on VRBO's Platform, identified as property ID 2785809, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Mr. Pulliam then copied and displayed Plaintiff's copyrighted works in his listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

58.    Plaintiff is informed and believes and thereon alleges that Lana S. Huelsenbeck is an individual residing in Burlington, New Jersey. Ms. Huelsenbeck advertises her property on VRBO's Platform, identified as property ID 2696856, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform;

otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

59.    Plaintiff is informed and believes and thereon alleges that Kiley Ann Webber is an individual residing in Ponte Vedra, Florida. Ms. Webber lists a certain property on VRBO's Platform under property ID 2031988 and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

60.    Plaintiff is informed and believes and thereon alleges that Sandy Welch is an individual residing in Lake Placid, Florida. Ms. Welch lists property on VRBO's Platform, identified as property ID 571756, and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Ms. Welch then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or

through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

61.    Plaintiff is informed and believes and thereon alleges that Lori Blashuk is an individual residing in Rockwood, Ontario, Canada. Ms. Blashuk owns property which she advertises on VRBO's Platform under property ID 1918081 and is labeled as a "Premier Host" on VRBO's website, *vrbo.com*. She operates her listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

62.    Plaintiff is informed and believes and thereon alleges that Anneliese and Aaron Caserta are individuals residing in Barboursville, West Virginia. They own a property which they list on VRBO's Platform under property ID 2946974 and are labeled as "Premier Hosts" on VRBO's website, *vrbo.com*. They operate

listings within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listings on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

63.    Plaintiff is informed and believes and thereon alleges that Karen Mays is an individual residing in Myrtle Beach, South Carolina. Ms. Mays lists property on VRBO's Platform, identified as property ID 2773371. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

///

64.    Plaintiff is informed and believes and thereon alleges that Jacqueline Jones is an individual residing in Statesville, North Carolina. Jacqueline Jones lists her property on VRBO's Platform under property ID 2839378. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

65.    Plaintiff is informed and believes and thereon alleges that Lavonne Vella is an individual residing in Islip, New York. Ms. Vella owns a property that she advertises on VRBO's Platform under property ID 2821853. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Ms. Vella then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from

exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

66.    Plaintiff is informed and believes and thereon alleges that Kirsten DiBenedetto is an individual residing in West Springfield, Massachusetts. Ms. DiBenedetto lists a property on VRBO's Platform under property ID 720872. She operates the listing within the State of South Carolina and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

67.    Plaintiff is informed and believes and thereon alleges that John DeGaetani is an individual residing in Topping, Virginia. Mr. DeGaetani owns properties which he lists on Airbnb and VRBO's Platforms under Airbnb listing ID 586043017806831888 and VRBO property ID 2083946. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in

connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

68.    Plaintiff is informed and believes and thereon alleges that Joshua Bishop is an individual residing in Greenville, South Carolina. Mr. Bishop owns property that he lists on VRBO's Platform, identified as property ID 1188888. He operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed  Plaintiff's copyrighted works in his listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

69.    Plaintiff is informed and believes and thereon alleges that Mark & Diane Curtiss are individuals residing in Lexington, South Carolina. They operate property listings on VRBO's Platform, identified as property IDs 2748851, 433154, and 1056459, within the State of South Carolina and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied and displayed Plaintiff's copyrighted works in their listings on *vrbo.com* and at and/or through the Service Providers' Platform, thereby

causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

70.    Plaintiff is informed and believes and thereon alleges that Thomas Missert is an individual residing in Windham, New Hampshire. Mr. Missert lists his property on VRBO's Platform, identified as property ID 362591, and operates the listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Mr. Missert then copied and displayed Plaintiff's copyrighted works in his listing on *vrbo.com* and at and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

71.    Plaintiff is informed and believes and thereon alleges that Deborah and David Harris are individuals residing in Myrtle Beach, South Carolina. They list their property on VRBO's Platform under property ID 2257440, operate their listing within the State of South Carolina, and their business extends and touches the State of California. They had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. They then copied

and displayed Plaintiff's copyrighted works in their listing on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

72.    Plaintiff is informed and believes and thereon alleges that Ronald Gadbois is an individual living in Atlanta, Georgia. Mr. Gadbois lists his property on VRBO's Platform under property IDs 1306410 and 1608476, operates his listings within the State of South Carolina, and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

73.    Plaintiff is informed and believes and thereon alleges that Brent Whitesell is an individual living in Myrtle Beach, South Carolina. Mr. Whitesell lists his properties on VRBO's Platform under property IDs 3031414, 3031388, 3031399, 3031387, 3031391, 3031395, 3031396, 3031398, 3031401, 3031402,

3031403, 3031406, and 3031421. Mr. Whitesell operates his listings within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. He then copied and displayed Plaintiff's copyrighted works in his listings on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents). Additionally, Mr. Whitesell posts this same infringing content on *endlesssummerbeachrentals.com.*

74.    Plaintiff is informed and believes and thereon alleges that Kim Bowman is an individual residing in Reidsville, North Carolina. Ms. Bowman lists her property on VRBO's Platform under property ID 1723314, operates her listing within the State of South Carolina, and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the

Subject Photography in the United States and California (including from California residents).

75.    Plaintiff is informed and believes and thereon alleges that Linda DiMaio is an individual residing in Myrtle Beach, South Carolina. Ms. DiMaio lists her property on VRBO's Platform under property ID 778059, operates her listing within the State of South Carolina, and her business extends and touches the State of California. She had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. She then copied and displayed Plaintiff's copyrighted works in her listing on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers' Platform; otherwise making the Subject Photography available to United States and California residents, causing them and Service Providers to earn revenue from exploiting, or the exploitation of, the Subject Photography in the United States and California (including from California residents).

76.    Plaintiff is informed and believes and thereon alleges that James Hesnan is an individual residing in North Myrtle Beach, South Carolina. Mr. Hesnan lists his property on VRBO's Platform, identified as property ID 7704010. He operates his listing within the State of South Carolina and his business extends and touches the State of California. He had access to Plaintiff's photography through Plaintiff's client's website *https://www.myrtle-beach-resort.com*. Mr. Hesnan then copied and displayed Plaintiff's copyrighted works in his listing on *vrbo.com* and/or through the Service Providers' Platform, thereby causing copies of the Subject Photography to be stored on servers that are located in the United States, California, and/or this judicial district and owned, operated, and/or controlled by the Service Providers in connection with the Service Providers'

Platform; otherwise making the Subject Photography available to United States
and California residents, causing them and Service Providers to earn revenue from
exploiting, or the exploitation of, the Subject Photography in the United States and
California (including from California residents).

77.    Defendants, Anneliese & Aaron Caserta, Chris Aiello, Daniel Capece,
Domenick Vanucchi, Emily Henry-Harris, Ged Duvall, Danielle Duvall, Jennifer
Perry, Jessica Dawson, Larry Dawson, John Valente, Diane Klingensmith, Richard
Kwiatkowski, Kevin Jones, Lori Luongo, Robert Zeilhofer, Sharon Tatum, Robin
Keefover, Stephanie Lockett, Tracy Whaley, Walter Wofford, Amber Rhinehart,
Robert Micco, Michelle Micco, Dave McCracken, Karen Soper, Deanna Bowden,
Diane Gollin, Dmitry Fasolyak, Doris Martin, Faud Korman, Greg Agee, John
Rotchford, Karen Rotchford, Kimberly Rassi, Kristin Moffett, Lisa Natale,
Timothy Scott Harris, Michael Wannemacher, Norma Benz, Ray Hahn, Pam Hahn,
Rebecca Brooks, Tyler Anderson, Wendy Burdett, William Mark Whitesell, John
Quilter, Sabrina Antosh, Diane McNulty, Carl Pulliam, Lana S. Huelsenbeck,
Kiley Ann Webber, Sandy Welch, Lori Blashuk, Karen Mays, Jacqueline Jones,
Lavonne Vella, Kirsten Dibenedetto, John Degaetani, Joshua Bishop, Mark
Curtiss, Diane Curtiss, Thomas Missert, Deborah Harris, David Harris, Ronald
Gadbois, Brent Whitesell, Kim Bowman, Linda DiMaio, and James Hesnan are
each users of either the VRBO Platform and/or Airbnb Platform and are
collectively referred to herein as "User Defendants."

78.    On information and belief, Plaintiff alleges that Defendants DOES 1-
through 10 (collectively, "DOE Defendants") (altogether with other named
defendants, "Defendants") are other parties not yet identified who have infringed
Plaintiff's copyrights, have contributed to the infringement of Plaintiff's
copyrights, or have engaged in one or more of the wrongful practices alleged
herein. The true names, whether corporate, individual or otherwise, of DOE
Defendants are presently unknown to Plaintiff, who therefore sues said DOE

Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

79.    On information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## AIRBNB'S BUSINESS PRACTICES

80.    Airbnb's search engine prioritizes hosts that are similar to those who are infringing. The search engine techniques employed by Airbnb prioritize guest satisfaction, pricing, amenities, and photographs.[1] The infringers here are primarily considered Superhosts and thus are known for having high guest satisfaction, competitive pricing, and quality photos and amenities to drive traffic.[2] As Airbnb prioritizes Superhosts over other users and the use of their algorithm in search engines populates users who have better quality listings, Airbnb has a direct role in the management and display of content.

81.    Airbnb has the ability and oversight to review infringing content and post it on user listings. Airbnb employs a professional photographer program.[3] Airbnb sources, hires, and pays the professional photographer to photograph a

---

[1] https://medium.com/@childnick/hacking-airbnbs-search-rank-algorithm-8007a097382d.

[2] https://www.airbnb.com/d/superhost.

[3] https://www.airbnb.com/e/pro-photography

listing.[4] Airbnb then takes the images, reviews, edits, and uploads them to the users listing.[5] This shows that Airbnb has the ability and oversight to review photos being uploaded to their website and is implicit in any infringements which occur. Airbnb's exertion of such control makes them more than a passive service provider and instead makes them an active participant in the infringements levied here.

82.     Further Airbnb has a unique profit structure.[6] They employ a fee rate to both Hosts and Guests to maximize their profits.[7] Airbnb charges hosts a 3% fee per bookings and Guests a 14.2% fee per booking on average.[8] These fees are used by Airbnb to pay for customer support services and operate their business in a for profit structure. Airbnb could not have achieved such financial success without using search engine prioritization of Superhosts over other users to drive bookings and earn profits. As such it undeniable that Airbnb has a stake in the profitability of the listings themselves; and that Airbnb directly benefits from a user posting infringing content as it is more likely to drive traffic to the listing, resulting in more bookings, and thus more profits, for Airbnb.

83.     Upon information and belief, Plaintiff alleges that despite its nominal repeat infringer policy, Airbnb allows copyright-infringing content to flourish on its Platform, and even aids it. Airbnb has actual knowledge of that infringing content, and takes conscious actions (and inactions) in the face of the widespread dissemination of that content. This is evident by the fact that on April 6, 2022, a Demand letter was sent to Airbnb to have the infringing content of Plaintiff removed. Airbnb's inaction has resulted in the dissemination of the infringing

---

[4] https://www.airbnb.com/help/article/298
[5]  https://www.airbnb.com/help/article/2019
[6] https://www.vox.com/2020/2/12/21134477/airbnb-loss-profit-ipo-safety-tech-marketing.
[7] https://www.airbnb.co.in/help/article/1857.
[8] https://www.airbnb.co.in/help/article/1857.

content which has resulted in direct profits for Airbnb and was a willful action to generate such profits.

84.    Thus, Airbnb is complicit because it is aware of the extent of copyright-infringing content on its Platform and provides the infrastructure for, takes measures for, and actively participates in, increasing the spread of, and engagement with, that content.

## CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPHS

85.    The Service Provider Platforms are marketplaces for lodging, primarily homestays for vacation rentals, and tourism activities. The Independent Defendant Websites are websites dedicated to vacation rentals and tourism activities operated exclusively by the Website Defendants. The Website Defendants and User Defendants each also use the Service Provider Platforms to market their vacation rental offerings. After registering on the Service Provider Platforms, users including the User Defendants and Website Defendants, can post and offer their homes and properties for temporary rental and/or search for properties to rent short term. Unregistered users can view publicly available listings of properties.

86.    The Service Provider Platforms primarily earns revenue by taking a percentage of transactions that occur on its Platform. The Service Provider Platforms therefore promote and encourage as much engagement on the Platforms as possible, including allowing users to promote their property listings with user generated and posted content. The Service Provider Platforms then place the content uploaded by users in areas on the Service Provider Platforms that they determine are optimal to maximize chances of generating a transaction between a user offering a property rental and a user searching for such a rental. The Service Provider Platforms thus store the infringing content on servers that are located in the United States, California, and/or this judicial district. This storage of infringing content is a violation of the proper copyright holders rights, and works to generate revenue by allowing the infringing content to be publicly displayed.

87.   The Website Defendants primarily earn revenue through consumers booking and renting the properties they operate either through the Service Provider Platforms or through the Independent Defendant Websites.

88.   The User Defendants primarily earn revenue through consumers booking and renting their properties that they list on the Service Provider Platforms which they own and/or operate. Plaintiff's Subject Photographs gain consumer interest and drives rentals of those properties listed by the User Defendants.

89.   This lawsuit concerns, in part, all Defendants direct and pervasive participation in infringing the copyrights in Plaintiff's Subject Photographs (defined below) by exercising control over unauthorized copies of the Subject Photographs (collectively, the "Infringing Uses") on Service Providers' Platform and on the Independent Defendants Websites; selecting the Infringing Uses for upload, download, transmission, and/or storage to/from Service Providers' Platform and Independent Defendant Websites and their servers; and/or instigating the copying, display, publication, reproduction, and/or distribution of the Infringing Uses on Service Providers' Platform and the Independent Defendant Websites.

90.   Specifically, upon information and belief, Plaintiff alleges that Airbnb stores, caches, and distributes multiple copies of Subject Photographs on its servers and Platform, irrespective of any user command to do so. Also, upon information and belief, Plaintiff alleges that the Website Defendants store, caches, and distribute multiple copies of the Subject Photographs on their servers through the Independent Defendant Websites.

91.   Plaintiff, HENRY, is an acclaimed photographer who created and owns the original photographs depicted in the lefthand column of **Exhibits A** attached hereto ("Subject Photography.")

92.   Plaintiff has registered the Subject Photographs and was granted U.S. copyright registrations as set forth in **Exhibits A** attached hereto.

93.    Prior to the acts complained of herein, Plaintiff published and widely publicly displayed and disseminated the Subject Photographs including without limitation on Plaintiff's website *www.bentonhenry.com* or his client's website *https://www.myrtle-beach-resort.com/*.

94.    Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photographs, Airbnb, Website Defendants, User Defendants, DOE Defendants, and each of them used the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on the website *Airbnb.com, endlesssummerbeachrentals.com,* and *awavefromitalmbl.com*.

95.    Following Plaintiff's dissemination and display of the Subject Photographs, Defendants, and each of them copied, reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photographs without license, authorization, or consent, including by using the Subject Photographs on their website ("Infringing Uses") which were created, published, and distributed by Airbnb and or the Website Defendants. The Infringing Use was made widely and publicly available at the Service Provider Platforms and the Independent Defendant Websites. True and correct screen captures of the Infringing Uses are included in **Exhibits A-D** attached hereto.

96.    On April 6, 2022, Plaintiff through his counsel sent a DMCA takedown request for each of the Subject Photographs to Airbnb, but to date, Airbnb has not taken appropriate action to timely remove the Infringing Use, thus necessitating this action.

97.    Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photographs.

///

///

1

2

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

3   98.   Plaintiff repeats, re-alleges, and incorporates herein by reference as

4   though fully set forth, the allegations contained in the preceding paragraphs of this

5   Complaint.

6   99.   On information and belief, Plaintiff alleges that Defendants, and each

7   of them, had access to the Subject Photographs, including, without limitation,

8   through (a) viewing the Subject Photographs on Plaintiff's website, (b) viewing

9   Subject Photographs online, and (c) viewing Subject Photographs through a third

10  party. Access is further evidenced by the Subject Photographs' exact reproduction

11  in the Infringing Use.

12  100.  On information and belief, Plaintiff alleges that Defendants, and each

13  of them, copied, reproduced, displayed, and distributed the Subject Photographs,

14  including without limitation as seen in **Exhibits A-D** attached hereto.

15  101.  On information and belief, Plaintiff alleges that Defendants, and each

16  of them, infringed Plaintiff's copyrights by creating infringing derivative works

17  from the Subject Photographs and publishing same to the public.

18  102.  Due to Defendants', and each of their, acts of infringement, Plaintiff

19  has suffered general and special damages in an amount to be established at trial.

20  103.  Due to Defendants', and each of their, acts of copyright infringement

21  as alleged herein, Defendants, and each of them, have obtained direct and indirect

22  profits they would not otherwise have realized but for their infringement of

23  Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to

24  disgorgement of Defendants' profits directly and indirectly attributable to

25  Defendants' infringement of Plaintiff's rights in the Subject Photographs in an

26  amount to be established at trial.

27  104.  On information and belief, Plaintiff alleges that Defendants, and each

28  of them, have committed acts of copyright infringement, as alleged above, which

were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

105.  Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

106.  On information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

107.  On information and belief, Plaintiff alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

108.  By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

109.  Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the

Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photographs, in an amount to be established at trial.

110.  On information and belief, Plaintiff alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

**(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 – Against all Defendants, and Each)**

111.  Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

112.  Plaintiff regularly published the Subject Photographs with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. Plaintiff's CMI included, without limitation, his name, company name, copyright notice, metadata, and other identifying information. The CMI was prominently displayed and would be viewed by visitors to Plaintiff's website and online profiles.

113.  On information and belief, Plaintiff alleges that Defendants, and each of them, intentionally removed and altered Plaintiff's violated 17 U.S.C. §1202(b) before copying, reproducing, distributing, and displaying the Subject Photographs.

114.  On information and belief, Plaintiff alleges that Defendants, and each of them, did distribute or import for distribution copyright management information knowing that the CMI has been removed or altered without authority of Plaintiff or the law.

115.  On information and belief, Plaintiff alleges that Defendants, and each of them, did distribute and publicly display works and copies of works knowing that copyright management information has been removed or altered without authority of Plaintiff or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

116.  On information and belief, Plaintiff alleges that Defendants, and each of them, in violation of 17 § USC 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos, names, bylines, and attribution to the Subject Photographs.

117.  On information and belief, Plaintiff alleges that Defendants, and each of them knew, that they were providing false copyright management information to its copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

118.  The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages, attorneys' fees, and penalties pursuant to 17 USC § 1203 and other applicable law.

119.  On information and belief, Plaintiff alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each with Respect to Each Claim for Relief:**

a.  That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from

infringing Plaintiff's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e. That Plaintiff be awarded his costs and fees under the above statutes;

f. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

///

SECOND AMENDED COMPLAINT

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 12, 2023                    DONIGER / BURROUGHS

By:    */s/ Scott Alan Burroughs*
       Scott Alan Burroughs, Esq.
       Frank R. Trechsel, Esq.
       *Attorneys for Plaintiff*

SECOND AMENDED COMPLAINT